USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/21/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

    - v. -                        :     SEALED INDICTMENT

PAUL CALDER LEROUX,               :
  a/k/a "Bernard John Bowlins,"        12 Cr.
  a/k/a "John Smith," and         :   **12CRIM489**
SHAI REUVEN,
  a/k/a "James Martins,"          :

           Defendants.     :

- - - - - - - - - - - - - - - - - -x

## COUNT ONE

The Grand Jury charges:

1. From at least in or about April 2012 through the date of the filing of this indictment, in Brazil, the Philippines, and elsewhere, PAUL CALDER LEROUX, a/k/a "Bernard John Bowlins," a/k/a "John Smith," and SHAI REUVEN, a/k/a "James Martins," the defendants, who will be arrested and first brought to the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that PAUL CALDER LEROUX, a/k/a "Bernard John Bowlins," a/k/a "John Smith," and SHAI REUVEN, a/k/a "James Martins," the defendants, and others known and unknown, would and did import into the United States from a place outside thereof a controlled substance, to wit, five hundred grams and more of a mixture or

substance containing a detectable amount of methamphetamine, in violation of Sections 812, 952(a), and 960(b)(1)(B) of Title 21, United States Code.

3. It was further a part and an object of the conspiracy that PAUL CALDER LEROUX, a/k/a "Bernard John Bowlins," a/k/a "John Smith," and SHAI REUVEN, a/k/a "James Martins," the defendants, and others known and unknown, would and did distribute a controlled substance, to wit, five hundred grams and more of a mixture or substance containing a detectable amount of methamphetamine, intending and knowing that such substance would be imported into the United States from a place outside thereof, in violation of Sections 959, 960(a)(3) and 960(b)(1)(B) of Title 21, United States Code.

### Overt Acts

4. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed:

a. In or about April 2012, PAUL CALDER LEROUX, a/k/a "Bernard John Bowlins," a/k/a "John Smith," the defendant, communicated with a confidential source working at the direction of law enforcement (the "CS"). During these communications, the CS represented to LEROUX, in substance and in part, that the CS was in contact with representatives of a South American drug trafficking organization (the "DTO") that was interested in

establishing facilities in Liberia for producing methamphetamine and cocaine, for importation to the United States.

  b. On or about May 8, 2012, LEROUX and SHAI REUVEN, a/k/a "James Martins," the defendants, participated in a telephone conversation where they discussed, among other things, supplying a chemist, possibly from Florida, to train the DTO on manufacturing methamphetamine.

  c. On or about May 11, 2012, LEROUX attended a meeting with the CS in Barra da Tijuaca, Brazil, to discuss, among other things, LEROUX's supplying the DTO with chemicals, a chemist, and facilities to manufacture methamphetamine for importation to the United States, and to discuss LEROUX's purchasing cocaine from the DTO for LEROUX's customers in Europe.

  d. On or about May 16, 2012, LEROUX and REUVEN participated in a telephone conversation where they discussed, among other things, supplying the DTO with a chemist to manufacture methamphetamine for importation to the United States. LEROUX and REUVEN also discussed using the DTO's transportation network to ship prescription medications into the United States for street sale.

  e. On or about May 17, 2012, LEROUX participated in a telephone call and text communications with a co-conspirator not named as a defendant herein ("CC-1") to confirm that a package containing a sample of methamphetamine had been delivered

3

to a commercial carrier in the Philippines for delivery to the DTO in Liberia.

    f. On or about May 18, 2012, LEROUX provided the CS with bank account information for the DTO to use to pay LEROUX for the sample of methamphetamine and for providing the DTO with a sterile laboratory-type facility -- which LEROUX and the CS referred to as a "clean room" -- in Liberia for producing methamphetamine and cocaine.

    g. On or about May 19, 2012, LEROUX emailed the CS a tracking number for the package containing the sample of methamphetamine shipped by CC-1. A package associated with the tracking number provided by LEROUX was later received by law enforcement agents in Liberia from the commercial carrier. The contents of the package were tested and found to contain approximately 24.2 grams of nearly pure methamphetamine.

    h. On or about June 16, 2012, LEROUX sent the CS an email proposing, among other things, to sell the DTO 100 kilograms of methamphetamine in exchange for 100 kilograms of cocaine.

(Title 21, United States Code, Sections 952, 959, and 963, and Title 18, United States Code, Section 3238.)

## FORFEITURE ALLEGATION

4. As a result of committing the controlled substance offense alleged in Count One of this PAUL CALDER LEROUX, a/k/a "Bernard John Bowlins," a/k/a "John Smith," and SHAI REUVEN, a/k/a "James Martins," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment.

### Substitute Asset Provision

5. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants -

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

5

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

                      (Title 21, United States Code,
                         Sections 853 and 970.)

_____    _____
FOREPERSON                   PREET BHARARA
                             United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

PAUL CALDER LEROUX,
a/k/a "Bernard John Bowlins,"
a/k/a "John Smith," and
SHAI REUVEN,
a/k/a "James Martins,"

Defendants.

**SEALED**
**INDICTMENT**

21 U.S.C. § 963

PREET BHARARA
United States Attorney.

_____
Foreperson

6/21/12 - Filed. Sealed Indictment.
Arrest Warrants issued.

Judge Peck
U.S.M.J.