Ic6dlerc

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,                New York, N.Y.

4            v.                             12 Cr. 0489(LAP)

5  PAUL CALDER LEROUX,

6            Defendant.

7  ------------------------------x

8
                                           December 6, 2018
9                                          4:12 p.m.

10
   Before:
11
                   HON. LORETTA A. PRESKA,
12
                                           District Judge
13

14                      APPEARANCES

15  GEOFFREY S. BERMAN
        United States Attorney for the
16      Southern District of New York
    BY:  MICHAEL LOCKARD
17      Assistant United States Attorney

18  Joseph DiBenedetto
        Attorney for Defendant
19
    XAVIER R. DONALDSON
20      Adjunct Attorney for Defendant

21

22

23

24

25

Ic6dlerc

1           THE COURT:  United States against Paul Leroux.

2           Is the government ready?

3           MR. LOCKARD:  Yes, your Honor.  Good afternoon.

4      Michael Lockard for the government.

5           THE COURT:  Good afternoon.

6           And is the defense ready?

7           MR. DONALDSON:  Yes, your Honor.  Xavier R. Donaldson

8      for Mr. Leroux.  Good afternoon, your Honor.

9           THE COURT:  Yes, sir.

10          MR. DiBENEDETTO:  Hi, Judge.  Joseph DiBenedetto.

11          THE COURT:  Yes, sir.

12          All right.  When we were last together, Mr. Leroux, I

13     gave you the opportunity to consult with Mr. Donaldson so that

14     you could get a second opinion.  And has that happened?

15          MR. DONALDSON:  Yes, it has, your Honor.

16          THE COURT:  All right.  And, counsel, do either of you

17     want to make a report?

18          MR. DONALDSON:  I can.

19          THE COURT:  Yes, sir.

20          MR. DONALDSON:  I did speak with Mr. Leroux.  He has

21     spoke to me rather thoroughly about his position on whether or

22     not counsel should be substituted.  He has informed me in no

23     uncertain terms that he believes that counsel should not be

24     substituted.  He wanted me to inform the Court of that.  And

25     that he believes that any differences he has or had with

Ic6dlerc

1  current counsel are reconcilable I think was his words.

2          So, that was what he told me.  I discussed this with

3  him at length.  I told him what I thought the issues were and

4  the position I believe he put his current counsel in and I

5  understood his current counsel's position, and I really

6  understand it, actually.  But Mr. Leroux is pretty adamant that

7  he believes that his current counsel is best suited for him to

8  go forward.

9          THE COURT:  All right.  And is that correct,

10  Mr. Leroux?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Thank you.  Is there any reason we

13  shouldn't continue forward with Mr. DiBenedetto representing

14  Mr. Leroux?

15          MR. DiBENEDETTO:  Judge, if I may?

16          As I've outlined to the Court in my

17  October 17th letter, I'm sort of in a weird spot in the sense

18  that I'm not looking to disparage Mr. Leroux in any way.  I

19  understand at some point in the future he is to appear before

20  this Court for sentencing.  So, I'm sort of conflicted in terms

21  of what I can sort of bring forth to this Court's attention.

22          But I will direct the Court's attention to the letter

23  that Mr. Leroux forwarded to the Court.  And on page 3, he

24  essentially explains --

25          THE COURT:  Is this the letter around October 19th?

Ic6dlerc

1          MR. DiBENEDETTO:  That is correct, Judge.

2          THE COURT:  Yes, I have it.

3          MR. DiBENEDETTO:  It is stamped received from the

4     Clerk's Office October 1st.

5          THE COURT:  The first line says "Letter of

6     Transmittal," and then it says "Enclosed, please place this

7     document under seal," that letter?

8          MR. DiBENEDETTO:  Yes.

9          THE COURT:  Got it.

10          MR. DiBENEDETTO:  On page 3 of the letter, Judge,

11     Mr. Leroux outlines --

12          THE COURT:  Perhaps it is not the letter because it

13     doesn't have a page 3.  Let's see.

14          Would you bring up here what you want me to look at?

15          MR. DiBENEDETTO:  Sure.

16          THE COURT:  And just point to it, if you would,

17     please.

18          MR. DiBENEDETTO:  Here.

19          (Handing to the law clerk)

20          MR. DiBENEDETTO:  Judge, what he outlines are three

21     errors in which I have been deficient.  And essentially, as I

22     understand this, this has 2255 written all over it and is

23     concerning to me.  If I continue -- first, I'll say that even

24     though this is couched in terms of some type of fee dispute, I

25     disagree.  I don't believe that to be the case.  I believe

Ic6dlerc

1    there to be a fundamental difference of opinion as to how to

2    proceed at sentencing.  If there were not a fundamental

3    difference, I would have not been replaced by new counsel.  He

4    would not have retained counsel subsequent to me and prior to

5    Mr. Donaldson, which he has -- he had, and that lawyer, for

6    whatever reason, withdrew from this case prior to filing a

7    notice.  But it makes me uncomfortable moving forward knowing

8    that anything that I do is sort of going to be added to this

9    list, which is, in my humble opinion, clearly not accurate.

10            So, it's alarming to me.  You know, he has made

11   representations that I quit.  That is certainly not true,

12   Judge.

13            I'm not sure how much more detail your Honor would

14   require from me.

15            THE COURT:  All right.  Did you want to direct my

16   attention to these two paragraphs at the top of the page that

17   you opened?

18            MR. DiBENEDETTO:  Sure, Judge.

19            (Pause)

20            THE COURT:  Thank you.  Is there something you wanted

21   to add?

22            MR. DiBENEDETTO:  The only thing I'll add, Judge, is

23   assuming if this Court is considering replacing me, as an

24   officer of the Court, I'm not simply walking away from this

25   case.  My intent and my duty is to bring new counsel up to

Ic6dlerc

1   speed, and I'm more than happy to do that.  That's -- nothing

2   further.

3            THE COURT:  OK.  Thank you.

4            Mr. Donaldson, did you have an opportunity to discuss

5   with Mr. Leroux the three items that are numbered in the

6   conclusion portion of this letter?

7            MR. DONALDSON:  Yes, I did, Judge.

8            THE COURT:  Do you have any comment -- go ahead.

9            MR. DONALDSON:  Can I grab my glasses?

10           THE COURT:  Of course.  I know the problem.

11           OK.  I'll ask you, sir, whether you have any comment

12   on these matters that you can share and if you have any

13   thoughts on what Mr. DiBenedetto said?

14           (Pause)

15           MR. DONALDSON:  First, yes, I did discuss these

16   conclusory -- sections of the conclusory part of this letter.

17   Regarding what Mr. DiBenedetto said, again, I do appreciate and

18   understand what he's saying.  I have been there myself, so I do

19   understand the part about the 2255 and the concern of that --

20   the serious concern for all of us defense attorneys.  This is

21   a, from what I was able to determine over the last month or so,

22   a very involved case that has a lot of tentacles apparently all

23   over the place.  So normally I would just tell the Court, you

24   know, I'm prepared to handle any case that I get, and I am.

25   This is no different.

Ic6dlerc

 1     I am a little concerned with Mr. Leroux indicating to

 2   me that Mr. DiBenedetto is in the best position to represent

 3   him at sentencing.  And I did inform Mr. Leroux that I believe

 4   sometimes in these cases the sentencing phase is sometimes the

 5   most important phase, particularly in light of what's going on

 6   with Mr. Leroux.  Sometimes we have pretrial and trial and

 7   sentencing, and very often sentencing is the most important, in

 8   my humble opinion.

 9     So, there is a lot involved here and there is a lot

10   that Mr. Leroux must concern himself with.  And I think I told

11   Mr. DiBenedetto several weeks ago when I called him that

12   generally I would just walk in, take it from you, and I'll just

13   do it.  But I must concern myself with my client; I appreciate

14   that.  So, Mr. DiBenedetto does have a legitimate concern with

15   what was written by Mr. Leroux.  I've expressed that to

16   Mr. Leroux, that he had put Mr. DiBenedetto in a very

17   precarious situation.  I have explained that to him thoroughly.

18     Him getting new counsel at this juncture and for him

19   to get sentenced sometime soon I think would be difficult.  In

20   order for me to get up to speed with everything I think that

21   needs to happen to get him ready for sentence is going to take

22   a while, because I think there was a lot going on before me

23   that I don't know about yet but I'm sure there was a lot based

24   on what I've seen.

25     I don't have an opinion as to whether or not

Ic6dlerc

1    Mr. DiBenedetto attended many important government -- I mean,

2    number three, I am sure he did.  I don't have -- I told

3    Mr. DiBenedetto, I told Mr. Leroux the same thing.  I have

4    known him for a long time.  I have no doubt that he performed a

5    Herculean task in this case.  I have no doubt about that.  And

6    I have no doubt that he will continue.  I have no doubt about

7    that as well.

8            So, I guess I have to defer to the Court as to this

9    peculiar situation.

10           THE COURT:  Thank you.

11           Yes, sir.

12           MR. DiBENEDETTO:  If I could just briefly respond?

13           Respectfully, Judge, sentencing -- if I understand

14   Mr. Leroux's position, it's that he wants to keep me on board

15   because I know this case the best, and bringing a new counsel

16   up to speed will take some time.  But respectfully, Judge, it

17   contradicts everything that's in the letter before this Court.

18   He's essentially put forth that I've been absentee.  So I'm not

19   sure if I'm absentee how I can be the person best suited to

20   bring this case forward for sentencing.

21           It's unfortunate -- the situation is unfortunate,

22   Judge, and if it was something that I believe could be worked

23   through, I would stick it out.  There is no ifs, ands or buts

24   about it.  I would do my best sort of to push forward.  But I

25   honestly believe that this is -- it is unfortunate and places

1  myself in a difficult position knowing that every move I make

2  going forward will be scrutinized.  And if Mr. Leroux actually

3  agreed with my strategy moving forward, we wouldn't be here

4  today.

5            Thank you.

6            THE COURT:  All right.

7            Does the government have any comment?

8            MR. LOCKARD:  So this may not be necessary, but if it

9  is necessary for the Court to be able to discuss the content of

10  the letter in more detail, certainly the government can be

11  excused from that portion of the proceedings, if it is

12  important to be able to have a more frank conversation about

13  the contents of the letter.  But that's more of a procedural

14  issue.

15            I think as a substantive matter, if -- you know, if

16  Mr. Leroux knowingly and intelligently and voluntarily and with

17  the advice of additional counsel wishes to remain with the

18  counsel that he has, Mr. DiBenedetto, I think it may be

19  appropriate for the Court to allocute him with respect to his

20  satisfaction with counsel's prior performance.  And whether if

21  in light of additional time to reflect on events and additional

22  advice from second-opinion counsel, he has come to view those

23  matters in a new light, I think that may be appropriate to put

24  on the record.  But I think ultimately it is up to, you know,

25  the Court's decision based on its assessment of Mr. Leroux's

Ic6dlerc

1    informed decision.

2            THE COURT:  Thank you.

3            Anything else, gentlemen?

4            MR. DiBENEDETTO:  Nothing further, Judge.

5            THE COURT:  All right.  Thank you.

6            MR. DONALDSON:  No, your Honor.  Thank you.

7            THE COURT:  Yes, sir.

8            Mr. Leroux, you've heard everything that all the

9    lawyers have said today, is that right, sir?

10           THE DEFENDANT:  Yes, your Honor.

11           THE COURT:  And you remember that you said some things

12   in your letter about Mr. DiBenedetto which hardly put him in a

13   good light, right?

14           THE DEFENDANT:  Yes, your Honor.

15           THE COURT:  OK.  And you will understand where that

16   could give him some degree of concern, right?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  And you also heard, sir -- had the

19   opportunity to talk with Mr. Donaldson and get a second

20   opinion, right?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  OK.  Do you need any more time to confer

23   with Mr. Donaldson?

24           THE DEFENDANT:  No, your Honor.

25           THE COURT:  All right.  So you've heard what the

Ic6dlerc

1 choices are that you have.  You may proceed with

2 Mr. DiBenedetto, if that's what you want.  On this one

3 occasion, though, I will give you the opportunity to change

4 lawyers, if you want, and however much time Mr. Donaldson needs

5 to prepare for sentencing will easily be given.  So, those are

6 your choices.

7          I have to be sure, though, that if you decide that you

8 want to proceed with Mr. DiBenedetto, you are satisfied with

9 his services and you are satisfied that he is going to do a

10 good job for you in sentencing.  Do you understand that, sir?

11          THE DEFENDANT:  Your Honor, I believe there is

12 sufficient time before sentencing to reconcile any remaining

13 legal differences that may still exist.  So, I do understand.

14          THE COURT:  All right.  But I'm going to ask you

15 again, then, when we next see each other, to be sure that you

16 are confident in Mr. DiBenedetto's services.  All right?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  OK.  So it's your decision at this point

19 that you would like to continue with Mr. DiBenedetto; is that

20 right, sir?

21          THE DEFENDANT:  It is.  Yes, your Honor.

22          THE COURT:  Thank you.

23          Does the government wish me to inquire further of

24 Mr. Leroux?

25          MR. LOCKARD:  I think that is sufficient, your Honor.

Ic6dlerc

1      THE COURT:  OK.  Does either lawyer at the back table

2   wish me to inquire further of Mr. Leroux?

3      MR. DiBENEDETTO:  No, Judge.

4      THE COURT:  All right.  Then we will continue with

5   Mr. DiBenedetto representing Mr. Leroux.

6      Gentlemen, when would you like to return?  I think

7   we'll have a presentence status conference so that I can be

8   certain that Mr. Leroux is confident in Mr. DiBenedetto's

9   representation.  When would you folks like to do that?

10      MR. LOCKARD:  Your Honor, if I make one -- I don't

11   have a proposed date for a presentencing status conference, but

12   to the extent that we're working backwards from a sentencing

13   date, we had previously set March 19th as a control date for

14   sentencing, and Mr. DiBenedetto had at that time raised a

15   scheduling conflict that was unknown whether it would be moved

16   or not.

17      THE COURT:  Right.

18      MR. LOCKARD:  I know Mr. DiBenedetto is scheduled to

19   be on trial at that time, so it may make sense to alter our

20   scheduling calendar -- our sentencing calendar and then pick a

21   status conference based on that.

22      THE COURT:  All right.  May I inquire when, about, you

23   would like sentencing?

24      MR. DiBENEDETTO:  Judge, may I propose something a bit

25   different, if it is OK with the Court?

Ic6dlerc

1      THE COURT:  Let's hear it.

2      MR. DiBENEDETTO:  Is it OK if I met with Mr. Leroux

3  and then conferred with the government once I have a better

4  idea of sort of where we stand?

5      THE COURT:  Certainly.  When would you like to inform

6  us how you want to proceed?

7      MR. DiBENEDETTO:  Is two weeks OK, Judge?

8      THE COURT:  Certainly.

9      All right.  Can you do that by letter?

10      MR. DiBENEDETTO:  Absolutely.

11      THE COURT:  All right.  So we'll hear from you and

12  you'll propose time periods.

13      MR. DiBENEDETTO:  Yes, Judge.

14      THE COURT:  Yes, Mr. Donaldson.

15      MR. DONALDSON:  Your Honor, just so I can keep the

16  process flowing, I guess, I just asked Mr. Leroux whether he

17  wanted me to I guess stand by after he discusses with

18  Mr. DiBenedetto what they are going to do.  If they don't work

19  it out, I'll just -- I'll come back, I guess, if the Court

20  wants me to.

21      THE COURT:  All right.  So why don't we continue your

22  representation at least that long so that we have the benefit

23  of your counsel.

24      Anything further today, gentlemen?

25      MR. LOCKARD:  Not from the government, your Honor.

Ic6dlerc

1          MR. DONALDSON:  No, your Honor.

2          THE COURT:  All right.  Thank you, friends.  Good

3   afternoon.

4          MR. DiBENEDETTO:  Nice to see you, Judge.

5          THE COURT:  You, too.

6          (Discussion off the record)

7          THE COURT:  Mr. DiBenedetto, I am going to return your

8   letter to you.

9          MR. DiBENEDETTO:  Thank you, Judge.

10          (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25