USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 6-8-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

PAUL CALDER LEROUX,

                Defendants.

No. S2 12-CR-489 (RA)
14-CR-75 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

      On May 28, 2020, the Government filed its sentencing submission under seal. On June 7, 2020, Mr. LeRoux filed his unredacted sentencing submission under seal, and filed a redacted sentencing submission on the docket.

      The press and the general public have a qualified First Amendment right to attend criminal trials so that the "constitutionally protected discussion of government affairs is an informed one." *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 604-05 (1982). Open criminal proceedings "enhance[] both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system" by "assur[ing] that established procedures are being followed and that deviations will become known." *Press–Enterprise Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 508 (1984).

      The qualified First Amendment right of access to criminal trials encompasses a qualified right to attend sentencing proceedings. *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005). "Access to sentencing proceedings allows the public to understand the reasons behind a given sentence, a value reflected in 18 U.S.C. § 3553(c), which states that sentencing shall be held in open court, in part to 'enable the public to learn why defendant received a particular sentence.'" *United States v. Armstrong*, 185 F. Supp. 3d 332, 335 (E.D.N.Y. 2016) (quoting

*Alcantara*, 396 F.3d at 206).

The public also has a qualified First Amendment right to access judicial documents if they are "derived from or are a necessary corollary of the capacity to attend the relevant proceedings," or if "logic and experience" support such access—that is, if access "plays a significant positive role in the functioning of the particular process in question" and the documents "have historically been open to the press or general public." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92–93 (2d Cir. 2004) (quotations omitted) (finding a qualified First Amendment right to access criminal docket sheets); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir.1995) (discussing common law presumption of access to documents concerning cooperation and noting that, "[w]here filing with the court is unusual or is generally under seal," presumption of access is weaker).

"The qualified First Amendment right of access should be abridged only where there is a higher value or compelling interest that will be significantly harmed by public access and the sealing is narrowly tailored to protect that interest." *Armstrong*, 185 F. Supp. 3d at 336 (citing *Globe Newspaper*, 457 U.S. at 606–07; *United States v. Aref*, 533 F.3d 72, 82 (2d Cir.2008)). "The safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access." *Id.* (citation omitted). So too can the government's interest in the secrecy of its investigations and in securing cooperation in future cases. *See id.* (citing *United States v. Smith*, 985 F.Supp.2d 506, 531 (S.D.N.Y.2013); *Amodeo*, 71 F.3d at 1050). Where release of information "is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Amodeo*, 71 F.3d at 1050.

Here, Mr. LeRoux has already testified publicly at the trials of Joseph Hunter, Adam

2

Samia and Carl David Stillwell as a cooperating witness.  *United States v. Hunter et al.*, S10 13 Cr. 521 (RA), Dkts. 576, 578, 580, 581 (S.D.N.Y. Apr. 4-9, 2018).  "Other judges, faced with similar facts, have found that, where information regarding a cooperator is already public in some form, the government interest in protecting any materials containing that information disappears, and the public's right to access necessarily prevails."  *Armstrong*, 185 F. Supp. 3d at 337-8 (citing *United States v. Huntley*, 943 F.Supp.2d 383, 387 (E.D.N.Y.2013); *In re Application to Unseal*, 891 F.Supp.2d 296, 300 (E.D.N.Y.2012); *United States v. Key*, 2010 WL 3724358, at *2-3 (E.D.N.Y. Sept. 15, 2010)).  At least one court, however, has noted that "while alternate sources of information lessen the government interest in secrecy, they also diminish the urgency of the public's need for the sealed materials."  *Id*.

      With these competing interests in mind, the Court holds that the public's qualified First Amendment right of access would be unduly abridged if either sentencing submission remains entirely under seal or in redacted form without sufficient justification.  No later than June 9, 2020 at 5 PM, the parties shall meet and confer and either file their sentencing submissions in unredacted form on the docket, or file redacted versions thereof along with an explanation as to how those redactions are narrowly tailored to a compelling interest.  To the extent either party believes it necessary to file its explanation of any redactions under seal, it may do so in the first instance.

SO ORDERED.

Dated:    June 8, 2020
            New York, New York

                                                    Ronnie Abrams
                                                    United States District Judge