```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
    UNITED STATES OF AMERICA                  :     PRELIMINARY ORDER OF
                                              :     FORFEITURE
         - v. -                               :
                                              :     S2 12 Cr. 489 (RPP)
                                              :     14 Cr. 75 (RPP)
    PAUL CALDER LEROUX,                       :
       a/k/a "Bernard John Bowlins,"          :
       a/k/a "John Smith,"                    :
       a/k/a "Johan Smit,"                    :
                                              :
                    Defendant.                :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

WHEREAS, on or about February 19, 2014, PAUL CALDER LEROUX, a/k/a "Bernard John Bowlins," a/k/a "John Smith," a/k/a "Johan Smit" (the "defendant"), was charged in a four-count Information, S2 12 Cr. 489 (RPP) (the "First Information"), with participating in a conspiracy to distribute five hundred grams and more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 963 (Count One); exporting, and causing to be exported, re-exported, sold, and supplied, directly and indirectly, from the United States, goods, technology, and services intended specifically for use in the production of and for incorporation into technologies and services to be supplied to Iran and the Government of Iran, in violation of Title 50, United States Code, Section 1705, and Title 31, Code of Federal Regulations, Sections 560.203 and 560.204 (Count Two); participating in a conspiracy to commit computer hacking, in violation of Title 18, United States Code, Sections 1030(a)(2) and (b) (Count Three); and assisting an offender, knowing that an offense against the United States had been committed, in order to hinder or prevent the offender's apprehension, trial or punishment, in violation of Title 18, United States Code, Section 3 (Count Four);

WHEREAS, the First Information included a forfeiture allegation as to Count One of the First Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Sections 853, of any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the First Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the First Information;

WHEREAS, the First Information included a second forfeiture allegation as to Counts Two and Three of the First Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B) and Title 28, United States Code, Section 2461;

WHEREAS, on or about January 13, 2014, the defendant was charged in a separate three-count Information in the District of Minnesota, which was transferred to this District pursuant to Rule 20 of the Federal Rules of Criminal Procedure, 14 Cr. 75 (RPP) (the "Second Information), with participating in a conspiracy to introduce misbranded drugs and to deliver for introduction into interstate commerce misbranded drugs with intent to defraud and mislead, in violation of Title 18, United States Code, Section 371 (Count One); participating in a conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); and participating in a conspiracy to launder money, in violation of Title 18, United States Code, Section 1956(h) (Count Three);

WHEREAS, the Second Information included a forfeiture allegation as to Count Two of the Second Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

WHEREAS, the Second Information included a second forfeiture allegation as to Count Three of the Second Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property involved in the offense charged in Count Three of the Second Information, and all property traceable to such property;

WHEREAS, on or about February 19, 2014, the defendant pled guilty to Counts One through Four of the First Information and Counts One through Three of the Second Information, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Counts One through Three of the First Information and Counts Two and Three of the Second Information and agreed to forfeit to the United States, (i) pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting and derived from any proceeds that the defendant obtained directly and indirectly as a result of the offense charged in Count One of the First Information, and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the First Information; (ii) pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461, all property, real or personal, constituting or derived from proceeds traceable to the offense charged in Count Two and Three of the First Information; (iii) pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461, all property, real or personal, constituting or derived from proceeds traceable to the offenses charged in Count Two of the Second Information; and (iv) pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in the offense charged in Count Three of the Second Information and all property traceable to such property; and

3

WHEREAS, the Government seeks the forfeiture of, pursuant to (i) Title 21, United States Code, Section 853, all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense charged in Count One of the First Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offense charged in Count One of the First Information; (ii) Title 18, United States Code, Sections 981(a)(1)(C) all property, real and personal, which constitutes or is derived from proceeds traceable to the offense charged in Count Two of the First Information and Count Two of the Second Information that the defendant personally obtained; (iii) Title 18, United States Code, Section 982(a)(2)(B), any property constituting or derived from proceeds the defendant obtained directly or indirectly as a result of the commission of the offense charged in Count Three of the First Information; and (iv) Title 18, United States Code, Section 982(a)(1), all property involved in the offense charged in Count Three of the Second Information;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Three of the First Information and Counts Two and Three of the Second Information, to which the defendant pled guilty, pursuant to Title 18, Sections 981 and 982, and Title 21, Section 853, all of the defendant's right, title and interest in all proceeds of defendant's offenses, as well as the instrumentalities of the money laundering and narcotics offenses are hereby forfeited.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture is final as to the defendant, PAUL CALDER LEROUX, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3.  Pursuant to Federal Rule of Criminal Procedure 32.2 (2)(C)(iii), this Preliminary Order of Forfeiture may be amended under Rule 32.2(e)(1) when specific property has been identified or the amount of a money judgment can be calculated, with the amount of any money judgment to be reduced by the value of any proceeds of the defendant's offenses that have been confiscated by foreign governments or the value of any assets that the defendant expended in furtherance of law enforcement operations.

4.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

5.  The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____  
HONORABLE RONNIE ABRAMS  
UNITED STATES DISTRICT JUDGE

7-17-20  
DATE

5