K9A5lerS                    telephonic proceeding

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4           v.                          12 Cr. 489/14 Cr. 75 (RA)

5   PAUL CALDER LEROUX,

6           Defendant.

7   ------------------------------x

8                                       September 10, 2020
                                        9:20 a.m.
9

10  Before:

11                  HON. RONNIE ABRAMS,

12                                      District Judge

13

14                  APPEARANCES

15  AUDREY STRAUSS
        Acting United States Attorney for the
16      Southern District of New York
    BY:  MICHAEL D. LOCKARD
17      Assistant United States Attorney

18  LAW OFFICES OF JEFFREY CHABROWE
        Attorneys for Defendant
19  BY:  JEFFREY CHABROWE

20

21

22

23

24

25

K9A5lerS                              telephonic proceeding

1          (Case called)

2          THE DEPUTY CLERK:  Counsel, will you please state your

3     name for the record?

4          MR. CHABROWE:  Jeffrey Chabrowe for Mr. Leroux.  Good

5     morning.

6          THE COURT:  Good morning.

7          MR. LOCKARD:  Good morning, your Honor.  This is

8     Michael Lockard for the government.

9          THE COURT:  Good morning.

10          As I noted in my July 10th order, I scheduled this

11     proceeding to clarify the breakdown of the 300-month sentence I

12     previously imposed but first I just want to remind everyone

13     that this is a public proceeding.  Members of the public and

14     press are able to access the proceeding through the public

15     call-in number.  All participants, however, are reminded that

16     any recording or rebroadcasting of any portion of this

17     proceeding is strictly prohibited.

18          I also want to confirm that Mr. Leroux again consents

19     to proceed by video today.  We are of course in the middle of

20     the COVID-19 pandemic.  I am conducting this proceeding

21     remotely pursuant to the authority provided by Section 15002 of

22     the CARES Act and standing orders issued by our Chief Judge

23     pursuant to that.  I am proceeding by video conference, I am

24     myself within the district.  Counsel are appearing by phone but

25     Mr. Leroux is appearing by video conference from the GEO

K9A5lerS                       telephonic proceeding

1   facility.

2          Mr. Leroux, can you see and hear me?

3          THE DEFENDANT:  I can, your Honor.

4          THE COURT:  And do you again consent to proceed by

5   video today?

6          THE DEFENDANT:  I do, your Honor.

7          THE COURT:  I find that a knowing and voluntary waiver

8   of the right to be physically present has been made.  I also

9   find that today's proceeding cannot be further delayed without

10  serious harm to the interests of justice because Mr. Leroux

11  initially sought a time-served sentence and now seeks to

12  promptly appeal the sentence.  It is also important that he be

13  designated to a facility.  So, let's just get to the heart of

14  this.

15          As you all know, on June 12th I sentenced Mr. Leroux

16  to 300 months' imprisonment on a total of seven counts,

17  specifically Counts One through Four of indictment 12 crim 489

18  and Counts One through Three of 14 crim 75.  Judgment was

19  entered in 12 crim 489 on July 8th.  Mr. Leroux appealed that

20  judgment on July 9th.  The Court will enter a revised judgment

21  in that case, in 12 crim 489, after this sentencing.  Judgment

22  has not yet been entered in 14 crim 75 because I discovered

23  errors regarding the breakdown of the sentence upon reviewing

24  the transcript of the sentencing proceeding prior to issuing

25  that judgment.

K9A5lerS                    telephonic proceeding

1          So, I want to be clear that I am incorporating

2     everything from the June 12th proceeding.  So, for the reasons

3     that I stated then I am imposing a sentence of 300 months in

4     prison.  That has not changed.  I am, though, amending the

5     breakdown of that sentence as there were errors in my

6     articulation of it.  So, the sentence is as follows:  300

7     months on Count One of 12 crim 489; 240 months on Count Two of

8     12 crim 489; 60 months on Count Three of 12 crim 489; 150

9     months on Count Four of 12 crim 489; 60 months on Count One of

10    14 crim 75; 240 months on Count Two of 14 crim 75; and 240

11    months on Count Three of 14 crim 75.  All of these sentences

12    are to run concurrently for a total of 300 months' imprisonment

13    on all counts which includes, of course, the amount of time

14    Mr. Leroux has already served which I believe is about 95

15    months at this point in time.

16         The terms of supervised release and the conditions of

17    supervised release will all remain the same, what I articulated

18    previously, as will the fine or lack thereof, and the $700

19    special assessment.  So that's all remaining the same.

20         I do, though, before we go, want to touch on

21    restitution and forfeiture.

22         Mr. Lockard, where are we on restitution?  On June 12

23    you requested 90 days which I believe is up today so where are

24    we on seeking restitution and submitting a proposed restitution

25    order?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

K9A5lerS                    telephonic proceeding

1          MR. LOCKARD:  Yes, your Honor.

2          At this point we have not identified a victim

3    (inaudible) loss, and so at this time we are not in a position

4    to submit a proposed order of restitution.

5          THE COURT:  Okay.  Well, if that changes, I would

6    intend to impose restitution but, since it hasn't, I'm not

7    going to do so at this point in time.

8          Then, with respect to forfeiture, on July 17th I

9    signed the preliminary forfeiture order that the government

10   proposed.  Mr. Chabrowe, do you have any objection to the

11   preliminary forfeiture order?

12         MR. CHABROWE:  I do not, your Honor.

13         THE COURT:  Okay.  So I am incorporating the

14   forfeiture order into my sentence today.  I previously ordered

15   forfeiture but I am going to incorporate that forfeiture order

16   into my sentence today.

17         Does either counsel know of any legal reason why this

18   sentence should not be imposed, as stated?  All prior

19   objections are preserved for the record.

20         MR. CHABROWE:  I do not, your Honor.

21         THE COURT:  Mr. Lockard?

22         MR. LOCKARD:  I do not, your Honor.

23         THE COURT:  Okay.  So I want to clarify again that

24   Mr. Leroux has a right to appeal his conviction and sentence

25   except to whatever extent he may have validly waived that

K9A5lerS                          telephonic proceeding

1  right.  If he does choose to appeal, the notice of appeal must

2  be filed within 14 days of the judgment of conviction.  I am

3  going to issue these two judgments promptly.  If you cannot pay

4  for the cost of an appeal, you may apply for leave to appeal in

5  forma pauperis which simply means that Court costs such as

6  filing fees will be waived.  If you request, the Clerk of Court

7  will prepare and file a notice of appeal on your behalf.

8           Are there any other applications at this time?

9           All right.  Well, thank you all for coming back today

10 and allowing me to clarify that.  We are adjourned.  Thank you.

11                          o0o

12

13

14

15

16

17

18

19

20

21

22

23

24

25